# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MATTHEW DELAY, SR., SETH CALHOUN, SCOTT CATER, TERRI CATER, MIGUEL ESTEVEZ, ABRAHAM GRAJALES, MIKE GREENWOOD, PHILIP IGHARAS, JASON LEE, FRED MEZA, ANDRES MOLINET, DIEGO RESTREPO, HARRI RINCON, FRANCISCO TAVERAS, and MARCO VACCARI,**

                    **Plaintiffs,**

**-vs-**                                          **Case No.  6:05-cv-648-Orl-JGG**

**HOME DESIGN SERVICES, INC., JAMES E. ZIRKEL, and JANICE C. ZIRKEL,**

                    **Defendants.**

_____

## ORDER

This cause came on  for consideration with oral argument on February 7, 2006, on the following motion:

| | |
|---|---|
| **MOTION:** | **Joint Notice of Filing and Joint Motion for Approval of Settlement Agreements as Stipulated Final Judgments (Docket No. 30)** |
| **FILED:** | **December 19, 2005** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

The Plaintiff, Matthew Delay, Sr. ("Delay" or "Named Plaintiff") sued the Defendants, Home Design Services, Inc., James E. Zirkel and Janice C. Zirkel (collectively "the Defendants") for

violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA"), for allegedly failing to pay overtime wages. Following the filing of the Complaint, fourteen (14) additional individuals filed notices to opt-in to this suit making claims under the FLSA. Docket Nos. 6, 15, 19, 24, 28. These individuals include: Seth Calhoun, Scott Cater, Terri Cater, Miguel Estevez, Abraham Grajales, Mike Greenwood, Philip Igharas, Jason Lee, Fred Meza, Andres Molinet, Diego Restrepo, Harri Rincon, Francisco Taveras and Marco Vaccari ("Opt-in Plaintiffs"). The Named Plaintiff and 14 Opt-in Plaintiffs have executed written Settlement Agreements and General Releases ("Settlement Agreements") with the Defendants, and ask the Court to approve the settlements and to enter final judgments.

## I.      THE LAW

### A.      Approval of Settlements

Congress enacted the FLSA to protect workers from low wages and long hours that can result from the inequality in bargaining power between employers and employees. The FLSA, therefore, provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be. . . ." 29 U.S.C. §216(b). The FLSA's provisions are mandatory and, except in two narrow circumstances generally are not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two circumstances in which FLSA claims may be compromised are claims that are 1.) supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c), and 2.) when a court reviews and approves

a settlement in a private action for back wages under 29 U.S.C. § 216(b).  *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Before the Court may approve the settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute.  *Id*. at 1354-55.  If a settlement in an employee FLSA suit does reflect "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation."  *Id*. at 1354. Where a plaintiff is offered full compensation on his FLSA claim, no compromise is involved and judicial approval is not required.  *MacKenzie v. Kindred Hosp. East, L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

In determining whether the settlement is a fair and reasonable resolution, the Court adopts the factors used in approving the settlement of class actions:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531, n6 (1lth Cir. 1994).  When considering these factors, the Court should keep in mind the "strong presumption" in favor of finding a settlement fair.  *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).  Moreover, the Court is aware, as the parties must also be, that a "settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution."  *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir. 1995), *citing Cotton*, 559 F.2d at 1330.

**B.    Awards of Reasonable Attorneys' Fees and Costs**

An award of "reasonable attorneys' fee[s]. . .and costs" is mandatory under § 216(b) if the employer is held liable. Although the Court is obligated to award the attorneys' fees, Congress's use of the word "reasonable" confers discretion upon the Court to determine the amount of fees to be awarded.  In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, the lodestar generally is recognized as a reasonable fee.  *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).  The party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983).  Satisfactory evidence of the prevailing market rate "at a minimum is more than the affidavit of the attorney performing the work," and must address rates actually billed and paid in similar lawsuits.  *Norman v. Housing Auth. of City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988).

In collective FLSA actions, the Court has a duty to determine the reasonableness of the proposed attorneys' fees as part of the fairness determination.  *See, e.g., Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998).  The FLSA does not require the Court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action.  Indeed, the purpose of the fairness review is to ensure that an employer does not take advantage of an employee in settling his claim for wages, and not to ensure that the employee does not overcharge the employer. *See Lynn's Food Stores*, 679 F.2d at 1354.  In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorneys' fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee.

The award of costs is made in accordance with 28 U.S.C. Section 1920.  *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1169 (S.D. Fla. 2003).  In an FLSA action, it is error for a district court to award costs in excess of those permitted by Section 1920.  *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567 (11th Cir. 1988) (district court erred in awarding expert witness fees under Section 216(b) that exceeded the amount allowed by Section 1920).  Likewise, a district court must identify reasons for denying costs to a prevailing party so that the appellate court has some basis to review whether the district court acted within its discretionary power.  *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995).

## II.   APPLICATION

### A.   The Opt-In Plaintiffs Are Joined As Individually Named Plaintiffs

At the time of the hearing on this matter, the Opt-in Plaintiffs had not yet been permitted to join the lawsuit by the Court, and had not made individual appearances as parties asserting their own FLSA claims.  During the hearing, however, counsel for Delay made an *ore tenus* motion, to which the Defendants did not object, to join the Opt-in Plaintiffs in this action as individually named plaintiffs.  Accordingly, there are now fifteen (15) named plaintiffs over which the Court has jurisdiction and the authority to approve their Settlement Agreements with the Defendants.

### B.   A Bona Fide Dispute Existed Among The Parties.

The Plaintiffs alleged that they were not paid overtime wages for various periods of time during their employment at the Defendant, Home Design Services, Inc.  See Docket No. 1 at ¶ 8, No. 30-2 at ¶ 2.  The Defendants denied these allegations and asserted defenses, *inter alia*, that some of the Plaintiffs were "bona fide executive, administrative, or professional" employees, and therefore

"exempt" from the overtime compensation provisions of the FLSA, and in any event, that the Defendants complied with the FLSA with respect to all the Plaintiffs and no overtime was owed. Docket Nos. 12 and 30-2 at ¶ 6.  This case involves a bona fide dispute as to liability and the amount owed.

The parties have agreed to settle this case.  The Defendants agreed to pay the following amounts:

| PLAINTIFF | BACK WAGES | LIQUIDATED DAMAGES | ATTORNEYS' FEES |
|---|---|---|---|
| Matthew Delay | -0- | -0- | $5,000.00 |
| Miguel Estevez | $566.04 | $566.04 | $2,428.57 |
| Fred Meza | $58.05 | $58.05 | $2,428.58 |
| Andres Molinet | $432.13 | $432.13 | $2,428.57 |
| Harri Rincon | $119.10 | $119.10 | $2,428.57 |
| Francisco Taveras | $68.29 | $68.29 | $2,428.57 |
| Marco Vaccari | $298.89 | $298.89 | $2,428.57 |
| Diego Restrepo | $615.21 | $615.21 | $2,428.57 |
| Scott Cater | -0- | -0- | $1,250.00 |
| Terri Cater | -0- | -0- | $1,250.00 |
| Philip Igharas | -0- | -0- | $1,500.00 |
| Abraham Grajales | -0- | -0- | -0- |
| Mike Greenwood | -0- | -0- | -0- |
| Jason Lee | -0- | -0- | -0- |
| Seth Calhoun | -0- | -0- | -0- |

Docket No. 30, Exhibits A through O.   In terms of fairness of the settlement, each party was independently represented by experienced counsel.  Docket No. 30 at p. 3.  Counsel were obligated to vigorously represent their clients' rights.  Based on the amount to be paid to the Plaintiffs and the other consideration received, there is no suggestion of collusion.  In fact, seven Plaintiffs (Meza, Estevez, Molinet, Rincon, Tavares, Vaccari and Restrepo) recovered dollar for dollar the amount they claimed they were owed, including liquidated damages.  Given the mandatory award of reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b), early resolution of FLSA claims is encouraged and avoids the need for extensive discovery.  Also, based on the Defendants' defenses, the Plaintiffs' probability of success on the merits was uncertain.  The Court finds that settlement of the action in favor of certainty was fair and reasonable.

### C.   The Agreed-Upon Attorneys' Fees Are Reasonable.

As part of the motion for approval of the settlement, the Plaintiffs and the Defendants attest to the reasonableness of a total of $26,000.00 in attorneys' fees and costs.  Docket No. 30 at p. 3.  The Court inquired into the manner in which the attorneys' fees were allocated among the Plaintiffs and is satisfied with the explanation by counsel that: (1) with respect to the eleven Plaintiffs who received attorneys' fees (all but Plaintiffs Lee, Greenwood, Grajales and Calhoun), work was performed on their behalf by their counsel and these efforts were reasonable; (2) the Plaintiffs' attorneys' fees were reduced considerably in both hours expended and the Plaintiffs' counsel's hourly rate, from what he claims to have actually incurred in prosecuting the Plaintiffs' claims, see Docket No. 30-2 at ¶ 8; and (3) the Plaintiffs' counsel received no attorneys' fees for the Plaintiffs that the Defendants maintained were exempt (Lee, Greenwood, Grajales and Calhoun).  Moreover, while four of the Plaintiffs (S.

-7-

Cater, T. Cater, Igharas and Delay) received no monetary compensation in the form of back wages or liquidated damages, they still benefited from being represented by their counsel in this matter by receiving a dismissal in the State Court lawsuit. The Court takes into account this consideration in determining the overall value of the settlement to such Plaintiffs and the reasonableness of the fees. Based on all these factors, the Court does not find the amount of attorneys' fees to be grossly excessive. *See, e.g., Goss*, 248 F. Supp. 2d at 1169 (denying attorney's fees of more than $16,000 when plaintiff recovered $316 in back wages). Further, the Defendants join in moving for the approval of the proposed settlement and, as stated at the hearing, accept for the purposes of these settlements that the designated fees and costs included in the settlement are reasonable. Docket No. 30. The Court, therefore, accepts the parties' stipulation as to the reasonableness of the attorneys' fees and costs.

Therefore, **IT IS ORDERED** that:

1.    The Clerk is directed to add the following individuals as named plaintiffs to the action: Seth Calhoun, Scott Cater, Terri Cater, Miguel Estevez, Abraham Grajales, Mike Greenwood, Philip Igharas, Jason Lee, Fred Meza, Andres Molinet, Diego Restrepo, Harri Rincon, Francisco Taveras and Marco Vaccari. Each of these individuals is represented by Richard Bernard Celler.

2.    The Joint Notice of Filing and Joint Motion for Approval of Settlement Agreements as Stipulated Final Judgments [Docket No. 30] is granted;

3.    The settlements reached by the parties and described in the motion are approved;

4.    The case is dismissed with prejudice; and

-8-

5.      The Clerk is directed to close the case.

**DONE** and **ORDERED** in Orlando, Florida on February 22, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE